1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                      SOUTHERN DISTRICT OF CALIFORNIA
10
11   GILVERTO HERRERA, *et al.*,                )    Civil No. 14-CV-1844-BTM (WVG)
                                                )
12                          Plaintiffs,          )    **DISCOVERY ORDER**
                                                )
13   v.                                         )
                                                )    [DOC. NO. 67]
14   ALLIANCEONE RECEIVABLE                     )
     MANAGEMENT, INC., *et al.*,                )
15                                              )
                            Defendants.         )
16                                              )
17   _____   )

18   **I. INTRODUCTION**

19          On March 21, 2016, Plaintiffs Gilverto and Claudia Herrera ("Plaintiffs") and

20   Defendant AllianceOne Receivable Management, Inc. ("Defendant") filed a Joint

21   Motion for Determination of Discovery Dispute ("Joint Motion") related to Plaintiffs'

22   Requests for Production of Documents ("RFPs"), Set Two, which were served on

23   Defendant on December 11, 2015. (Doc. No. 67; Doc. No. 61 at 1-2.) Plaintiffs' RFPs

24   seek production of, among other items, Defendant's employee training manuals and

25   Defendant's policies and procedures regarding a number of issues. Id. On January 13,

26
27
28

14CV1844

2016, Defendant served its RFP responses. (Doc. No. 61 at 2.) On February 9, 2016, Defendant produced additional responsive documents.[1] Id.

The Court has identified several problems with Plaintiffs' requests and Defendant's responses. Notably, as Defendant argues, Plaintiffs have adjusted the target of several RFPs in their attempt to argue their position and clarify their initial requests. However, neither Defendant nor the Court can make assumptions about what information Plaintiffs really meant to obtain through their RFPs. Plaintiffs must be explicit and precise about the information they seek in the actual RFP, not simply in the subsequent argument to compel the information.

As for Defendant, many of its objections and responses violate the spirit and intent of the Federal Rules of Civil Procedure ("Rules"), case law, and this Court's Civil Chambers Rules ("Chambers Rules"), which prohibit boilerplate objections and conditional responses. Judge Gallo's Chambers Rules, Appendix B ("Waiver of Discovery Objections"). The Court is dismayed that Defendant's justification for its objections, as asserted in the Joint Motion, was not explained in its actual responses. Despite stating that every request was objectionable for various reasons, Defendant did not even attempt to demonstrate how or why the requests were vague, ambiguous, overbroad, or irrelevant. This Court's Chambers Rules unequivocally instruct against boilerplate objections or conditional waivers. Defendant failed to properly object despite the Court's Chambers Rules, case law, and the Federal Rules of Civil Procedure.

---

[1] On February 18, 2016, the Court granted the parties' First Joint Motion to Extend the Deadline to Resolve Discovery Dispute, allowing the parties until February 29, 2016 to schedule a joint telephone conference with the court. (Doc. No. 60.) On March 1, 2016, the Court granted the parties' Second Joint Motion to Extend the Deadline to Resolve Discovery Dispute, allowing the parties until March 11, 2016 to schedule a joint telephone conference with the court. (Doc. No. 62.) On March 14, 2016, the parties jointly notified the Court of their continuing dispute. (Doc. No. 65.)

14CV1844

After reviewing Plaintiffs' discovery requests and Defendants' objections, and considering the arguments asserted by both parties in the Joint Motion, the Court issues the rulings below.

## II. DISCUSSION AND RULING

### A. RFP NO. 39

**Request No. 39**: "Produce all of defendant's policies and procedures regarding the verification of a debt."

**Response to Request No. 39:** "Defendant objects to this Request on the grounds that the phrases "policies and procedures" and "regarding the verification of a debt" are vague and ambiguous. Defendant further objects to this Request on the grounds that it is overbroad and seeks information that is neither relevant to the subject matter of this lawsuit, nor proportionally tailored to the reasonable needs of the case. There is no "debt" or "consumer debt" at issue as those terms are defined by 15 U.S.C. § 1692a(5) and California Civil Code §1788.2(f), respectively. Defendant also objects to this Request to the extent that it seeks proprietary information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant objects to this Request to the extent that it is duplicative of other Requests previously responded to by Defendant in this action. Subject to and without waiving the foregoing, Defendant will produce non-privileged business records in its possession, custody or control, responsive to this request, that are relevant to the claims and defenses in this lawsuit and that have not previously been produced."

**Plaintiffs' Argument**[2/]

Defendant's objections are baseless. The parties have signed a Protective Order. (Doc. 24 and 26.) Further, this Request deals with the policies and procedures to verify or validate the identity of the debtor and other information regarding the debt. In this matter, all three traffic tickets were issued to drivers with completely different name. The owner of the cars was Gilberto Gamino Herrera, who has a different name, address, date of birth, height, and weight than plaintiff. If Defendant has any policies and procedure to validate the identity of the debtor, then Plaintiff need to examine it. If there are no policies and procedures, then Defendant must state it.

---

[2/] All of the parties' arguments are copied verbatim from their Joint Motion.

**<u>Defendant's Argument</u>**

As Plaintiffs' explanation above makes clear, Defendant's objection that this Request is vague and ambiguous is well-taken. Plaintiffs initially requested information regarding "verification of the debt." Now, however, they explain that they seek information "to verify or validate the identity of the debtor." This is not what the request sought, which was information regarding "a debt." In any event, Defendant has produced responsive documents. See AO 1-34, 64-67, 68-71, 81-84, 271-275, 357-361, 516-528, 529-543 and 544-556. There is no basis to compel production.

**<u>Court's Ruling on RFP No. 39</u>**

Defendant's objection is **SUSTAINED** on the basis of Defendant's specific objection that, "[t]here is no 'debt' or 'consumer debt' at issue as those terms are defined by 15 U.S.C. § 1692a(5) and California Civil Code §1788.2(f), respectively." Logically, if there is no debt as defined by the statutes, then there are no documents to produce.

It does appear, as Defendant contends, that Plaintiffs have readjusted the focus of this RFP in their argument to the Court. Although RFP No. 39 explicitly seeks Defendant's policies and procedures regarding the verification of a debt, Plaintiffs now argue that they seek policies and procedures to validate the identity of the debtor. The Court will not compel Defendant to produce documents related to the identity of the debtor in response to this RFP, as this is not what Plaintiffs initially requested. Plaintiffs must be precise about what information they seek when crafting their RFPs. Defendant is not expected to be clairvoyant.

While Defendant's objection to RFP No. 39 is sustained on the sole basis explained above, the remainder of Defendant's objections to this RFP are **OVER-RULED**. Defendant has provided a catalogue of boilerplate objections, including noting that this request is vague, ambiguous, overbroad, duplicative, and seeks irrelevant information, but has failed to provide any explanation for its objections. Where the responding party provides a boilerplate or generalized objection, the

14CV1844

"objections are inadequate and tantamount to not making any objection at all." Walker v. Lakewood Condominium Owners Associations, 186 F.R.D. 584, 587 (C.D.Cal. 1999); see Ritacca v. Abbott Laboratories, 203 F.R.D. 332, 335 n.4 (N.D.Ill. 2001) ("As courts have repeatedly pointed out, blanket objections are patently improper,...[and] we treat [the] general objections as if they were never made."). The responding party must clarify, explain, and support its objections. Anderson v. Hansen, 2012 WL 4049979, at 8 (E.D. Cal. Sept. 13, 2012). "The grounds for objecting to a request must be stated...and as with other forms of discovery, it is well established that boilerplate objections do not suffice." Id. (discussing boilerplate objections asserted in response to requests for admission).

Further, Defendant has included a conditional response in its objection, which leaves Plaintiffs and the Court guessing as to whether all responsive documents will be produced.  Conditional responses and/or the purported reservation of rights by a responding party are improper and ultimately have the effect of waiving the objections to the discovery requests. Sprint Communications Co. v. Comcast Cable Communications, LLC, 2014 WL 545544 at *2 (D. KS 2014)("Sprint I"), modified 2014 WL 569963 (D. KS 2014)("Sprint II").  The responses are confusing and misleading because, for example, when a party responds to an interrogatory that is "subject to" and "without waiving its objections," the propounder of the interrogatory is "left guessing as to whether the responding party has fully or only partially responded to the interrogatory." Estridge v. Target Corp., 2012 WL 527051 at *1-2 (S.D. FL 2012).

Conditional responses to discovery requests violate Rule 26.  Rule 26 (g)(1)(B)(i)-(iii) requires responders to discovery requests to certify that the discovery responses are consistent with the Rules, "not imposed for any improper purpose," and are "neither unreasonable nor unduly burdensome."  Moreover, the 1983 Committee comments to Rule 26(g) state that "Rule 26 imposes an affirmative duty to engage in pretrial discovery in a responsible manner that is consistent with the spirit and purposes of Rule 26 through 37."  Providing conditional responses to discovery requests is

14CV1844

improper, the objections are deemed waived, and the response to the discovery request stands.  Sprint II, 2014 WL 1569963 at *3; see also Estridge, 2012 WL 527051 at *2; citing Tardif v. People for the Ethical Treatment of Animals, 2011 WL 1627165 at *2 (M.D. FL 2011); Pepperwood of Naples Condominium Assn. v. Nationwide Mutual Fire Ins. Co., 2011 WL 4382104 at *4-5 (M.D. FL 2011); Consumer Elecs. Assn. v. Compras And Buys Magazine, Inc., 2008 WL 4327253 at *3 (S.D. FL 2008) ("subject to" and "without waiving objections" "preserve... nothing and serve... only to waste the time and resources of both the Parties and the Court.  Further, such practice leaves the requesting Party uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered.")

Defendant also objects to this RFP to the extent that it seeks proprietary information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties.  Like Plaintiffs, the Court is confused that Defendant asserts an objection to producing information subject to a protective order, when a protective order was executed in this case more than one year ago, on February 5, 2015.  (Doc. No. 26.)

The Court observes that many of Defendant's responses to Plaintiff's discovery requests assert that the requested information is protected by the attorney-client privilege and/or, work product doctrine.  If Defendant cannot reasonably determine what Plaintiffs are requesting, the Court is befuddled as to how Defendant can state in good faith that the attorney-client privilege or work product doctrine is implicated.  Further, Defendant has not indicated whether a privilege log has been produced.  To the extent that the response invokes a privilege or work product, Defendant is required to provide Plaintiffs with a privilege log that lists each document withheld from production. Fed.R.Civ.P. 26(b)(5)(A)(i)-(ii). A proper assertion of privilege or work product must contain the following for each document, communication, or information withheld:

14CV1844

(1) Date of the creation of the document;

(2) Author;

(3) Primary addressee(s) [and the relationship of that person(s) to the client and/or author of the document];

4) Secondary addressee(s), persons who received copies of the document and the recipient [and the relationship of that person(s) to the client and/or author of the document];

(5) Type of document;

(6) Client (party asserting the privilege)

(7) Attorneys (with an indication of who the attorney represents);

(8) Subject matter of the document or privileged communication;

(9) Purpose of the document or privileged communication (basis for the legal claim of privilege, work product or objection to production);

(10) Whether the document, communication, or objection is attorney-client privilege, work product, or some other basis;

(11) Identify each document by number.[3/]

Miller v. Pancucci, 141 F.R.D. 292, 302 (C.D. Cal. 1992); Martin v. Evans, 2012 WL 1894219 at *5 (N.D. Cal. 2012); Del Campo v. American Corrective Counseling Services, 2007 WL 4287335 at *4 (N.D. Cal. 2007).

//

//

//

//

//

//

//

//

_____

[3/] No. 11 was added by this Court.

7

14CV1844

## B. RFP NO. 43

**Request No. 43:** "Produce all of defendant's policies and procedures regarding methods used to collect a debt."

**Response to Request No. 43:** "Defendant objects to this Request on the grounds that the phrases "policies and procedures" and "methods used" are vague and ambiguous. Defendant objects to this Request on the grounds that it is overbroad and seeks information which is neither relevant to the subject matter of this action, nor proportionally tailored to the reasonable needs of the case. Defendant also objects to this Request to the extent that is seeks proprietary information, trade secrets, or information subject to protective orders, confidentiality agreement, or statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine. There is no "debt" or "consumer debt" at issue as those terms are defined by 15 U.S.C. § 1692a(5) and California Civil Code §1788.2(f), respectively. Defendant objects to this Request to the extent that it is duplicative of other Requests previously responded to by Defendant in this action."

**Plaintiffs' Argument**

Defendant's employees testified that Defendant uses several methods to collect, i.e., sending correspondence to the debtor, telephone calls, referral to tax authorities, and notifying credit bureaus. Plaintiffs have requested to examine those policies and procedures to determine whether its employees followed them. It is not clear from the Defendant's records or deposition testimonies if Defendant sent any letters to the drivers, to the owner of the cars, or to the Plaintiffs. In addition, Defendant's employees testified about sending a letter first and after a certain period of time would start the collection calls. Defendant has not produced any collection letters.

**Defendant's Argument**

Although Plaintiffs' originally requested a wide range of documents concerning how AllianceOne attempts to collect unpaid financial obligations, it is now clear from their explanation above that Plaintiffs are now seeking documents they did not request, namely "collection letters." Regardless, Defendant has produced documents reflecting its policies and procedures for collecting outstanding financial obligations. See AO 1-34, 35-42, 43, 61-63, 78-80, 236-238, 239-270, 271-275,

14CV1844

276-316, 317-324, 338, 340-341, 342-346, 357-361, 370-375, 381-515, 516-556, 557-570, 571-582, 583-598, 599-614, 615-618, 619-622, 730-734. There is no basis to compel production.

**Court's Ruling on RFP No. 43**

Defendant's objection is **SUSTAINED** on the basis of Defendant's specific objection that, "[t]here is no 'debt' or 'consumer debt' at issue as those terms are defined by 15 U.S.C. § 1692a(5) and California Civil Code §1788.2(f), respectively." Logically, if there is no debt as defined by the statutes, then there are no documents to produce.

It does appear, as Defendant argues, that Plaintiffs have readjusted the focus of their request in their argument to the Court. Although RFP No. 43 explicitly seeks Defendant's policies and procedures regarding methods used to collect a debt, Plaintiffs now argue that they seek collection letters. The Court will not compel Defendant to produce any collection letters, as this is not what Plaintiffs initially requested. Further, Defendant states that it produced documents reflecting its policies and procedures for collecting outstanding financial obligations.

While Defendant's objection to RFP No. 43 is sustained on the sole basis explained above, the remainder of Defendant's objections to this RFP are **OVER-RULED**. Once again, Defendant has provided a catalogue of boilerplate objections, noting that this request is vague, ambiguous, overbroad, duplicative, and seeks irrelevant information. Defendant also objects to this request to the extent that it seeks proprietary information, trade secrets, or information subject to protective orders, but as already stated, there is a protective order in place in this case. (Doc. No. 26.)

Finally, Defendant objects that Plaintiffs have requested information protected by the attorney-client privilege and/or, work product doctrine, but has failed to indicate whether a privilege log has been produced. To the extent that the responses invoke a privilege or work product, Defendant is required to provide Plaintiffs with a privilege log that lists each document withheld from production. Fed.R.Civ.P. 26(b)(5)(A)(i)-(ii).

14CV1844

## C. RFP NO. 46

**Request No. 46:** "Produce all of defendant's policies and procedures to conduct skip trace."

**Response to Request No. 46:** "Defendant objects to this Request on the grounds that the phrase "conduct skip trace" is vague and ambiguous. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to the subject matter of the action, nor proportionally tailored to the reasonable needs of the case. Defendant also objects to this Request to the extent that it seeks proprietary information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant objects to this Request to the extent that it is duplicative of other Requests previously responded to by Defendant in this action."

**Plaintiffs' Argument**

Plaintiffs are requesting information regarding Defendant's policies and procedure to conduct investigation to determine the identity of the proper debtor, debtor's address, telephone number, and date of birth. In this case, all three traffic tickets were issued to completely different individuals. Apparently, Defendant's employees conducted investigation and skip trace to find Plaintiff's telephone numbers, date of birth, addresses, and social security number.

**Defendant's Argument**

As Plaintiffs' explanation above makes clear, Defendant's objection that this Request is vague and ambiguous is well-taken. Plaintiffs now explain that they seek information regarding how Defendant determines "the identity of the proper debtor, debtor's address, telephone number, and date of birth." Regardless, Defendant has produced responsive documents. See AO 1-34, 35-42, 64-67, 68-7, 239-270, 271-275, 365-369, 377-380, 544-556, 583-598, 599-614, 615-618, 619-622, 623-626, 735-736, 737-744. There is no basis to compel production.

//

//

//

14CV1844

## Court's Ruling on RFP No. 46

Defendant's objection is **OVERRULED**.   Once again, Defendant has provided a catalogue of boilerplate objections, including noting that this request is vague, ambiguous, overbroad, duplicative, and seeks irrelevant information.   The phrase "conduct skip trace" is not vague and ambiguous, as Defendant argues.   Even though Defendant was not collecting a debt, but a judgment, there is a similarity in the methods and procedures in attempting to collect either.   "Skip trace" is a common term in the debt collection services industry and has a common meaning of which Defendant undoubtedly is knowledgeable.

Further, Defendant once again objects to this request to the extent that it seeks proprietary information, trade secrets, or information subject to protective orders, but there is a protective order in place.   (Doc. No. 26.)   Defendant also objects that Plaintiffs have requested information protected by the attorney-client privilege and/or, work product doctrine, but has failed to indicate whether a privilege log has been produced.

### D. RFP NO. 52

**Request No. 52:** "Produce all of defendant's employee training manuals regarding the investigation of a debt."

**Response to Request No. 52:** "Defendant objects to this Request on the grounds that the phrase "the investigation of a debt" is vague and ambiguous. Defendant objects to this Request on the grounds that it is overbroad and seeks information that is neither relevant to the subject matter of this lawsuit, nor proportionally tailored to the reasonable needs of the case. There is no "debt" or "consumer debt" at issue as that term is defined by 15 U.S.C. § 1692a(5) and California Civil Code §1788.2(f), respectively. Defendant also objects to this Request to the extent that it seeks proprietary information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant objects to this Request to the extent that it is duplicative of other Requests previously responded to by Defendant in this action."

## Plaintiffs' Argument

Plaintiffs are asking for any training employee have received on how to conduct investigation to find the proper name, address, date of birth, and telephone

14CV1844

numbers of a person. Defendant uses several data bases and companies to conduct investigation. Further, Defendant has contracts with credit reporting agencies so Defendant could search credit bureaus' computer systems.

**Defendant's Argument**

As Plaintiffs' explanation above makes clear, Defendant's objection that this Request is vague and ambiguous is well-taken. Plaintiffs initially requested information regarding "the investigation of a debt." Now, however, they explain that they seek information regarding how Defendant investigates the "name, address, date of birth, and telephone numbers of a person." Regardless, Defendant has produced responsive documents. See AO 1-34, 64-67, 68-71, 81-84, 271-275, 357-361, 516-528, 529-543 and 544-556. There is no basis to compel production.

**Court's Ruling on RFP No. 52**

Defendant's objection is **SUSTAINED** on the basis that Defendant objects that "[t]here is no 'debt' or 'consumer debt' at issue as that term is defined by 15 U.S.C. § 1692a(5) and California Civil Code §1788.2(f), respectively.  It does appear, as Defendant argues, that Plaintiffs have readjusted the focus of their request in their argument to the Court.  Although RFP No. 52 explicitly seeks Defendant's employee training manuals regarding the investigation of a debt, Plaintiffs now argue that they seek information related to any training that employees have received on how to conduct an investigation to find names, addresses, dates of birth, and telephone numbers.  The Court will not compel Defendant to produce the information, as this is not what Plaintiffs initially requested.

While Defendant's objection to RFP No. 52 is sustained on the sole basis explained above, the remainder of Defendant's objections to this RFP are **OVER-RULED**.  Once again, Defendant has provided a list of boilerplate objections, noting that this request is vague, ambiguous, overbroad, duplicative, and seeks irrelevant information.   Defendant also objects to this request to the extent that it seeks proprietary information, trade secrets, or information subject to protective orders,

14CV1844

despite there being a protective order in place. (Doc. No. 26.) Defendant objects that Plaintiffs have requested information protected by the attorney-client privilege and/or, work product doctrine, but has failed to indicate whether a privilege log has been produced.

### E. RFP NO. 63

**Request No. 63:** "Please produce any and all DOCUMENTS YOU reviewed, referred to, or relied upon when preparing YOUR Rule 26 Disclosures."

**Response to Request No. 63:** "Defendant objects to this request on the grounds that it is vague and ambiguous, overbroad, and overly burden-some. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to the subject matter of the action, nor proportionally tailored to the reasonable needs of the case. Defendant also objects to this Request to the extent that it seeks propri-etary information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or attorney work-product doctrine. Defendant objects to this Request to the extent that it is duplicative of other Requests previously responded to by Defendant in this action."

### Plaintiffs' Argument

On November 6, 2014, Defendant served its Initial Disclosure pursuant to FRCP Rule 26(a)(1). However, Defendant did NOT produce any documents. Defendant stated, The following categories of documents are in the possession, custody or control of Defendant and may be used by Defendant to support its case:

(1) Document relating to the accounts at issue,
(2) Documents relating to Defendant's attempts to collect the accounts at issue,
(3) Documents related to Defendant's communications with plaintiffs,
(4) Documents relating to the Underlying Actions,
(5) Documents relating to Defendant's policies and procedures,
(6) Documents supporting Defendant's affirmative defenses,
(7) Plaintiffs' federal and state income tax returns,
(8) Plaintiffs' credit reports, and
(9) All documents identified and produced by Plaintiffs.

On November 6, 2014, Defendant asserted that it had in its possession and control Plaintiffs' federal and state income tax returns, and Plaintiffs' credit reports. Plaintiffs want to see these documents and how Defendant obtained those documents before any discovery was done in this case. Additionally, Defendant claimed to have

documents relating to this account and its attempts to collect the accounts. Defendant has not produced any collection letters it sent to the drivers, owner of the cars, and plaintiffs. Defendant has not produced the dialor-log (log of the every call, date, time, and telephone numbers) of all collection telephone calls it has made to the drivers, the owner of the cars, and to the Plaintiffs. Clearly Defendant has these documents, but it has failed to produce them.

**Defendant's Argument**

Once again, Plaintiffs deviate from the language of their request in the explanation they offer as to why production should be compelled.[4] Defendant was only required to identify information it "may use to support its . . .defenses." Plaintiffs now focus on Defendant's reference to their "federal and state income tax returns" and their "credit reports," and "want to see . . . how Defendant obtained those documents before any discovery was done in this case." Plaintiffs' desire to learn how Defendant may have obtained documents is not the proper subject of a document request. The statement that Plaintiffs' tax returns were within Defendant's possession, custody, or control was a mistake. Defendant did not then possess such documents, but rather anticipated that it might rely on such documents to defend itself. Regarding Defendant's reference to Plaintiffs' credit reports, however, certain such documents were in its possession when it served its Initial Disclosures, because Plaintiffs mailed copies of their credit reports to Defendant on or about November 19, 2012, almost a year before they filed their complaint, on November 5, 2013. In any event, Defendant has produced all of the documents it identified in its Initial Disclosures. See AO 1-747. There is no basis to compel production.

//

//

_____

[4] As a threshold matter, Defendant was not obligated to produce documents when it served its Initial Disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(i).  (Doc. No. 67 at 8, n. 1.)

14CV1844

**Court's Ruling on RFP No. 63**

Defendant's objection is **SUSTAINED**.  While still crowded with boilerplate language, Defendant's objection to RFP No. 63 differs from the other disputed responses in that Defendant claims this request is also overly burdensome.  The Court agrees that RFP No. 63 is unduly burdensome.  While preparing its initial disclosures, Defendant may have reviewed, referred to, or relied upon a voluminous amount of documents that turned out to be irrelevant to this case.  Defendant now represents that it has produced all documents listed in its initial disclosures, and that it erroneously stated in its initial disclosures that it possessed copies of Plaintiffs' tax returns. Moreover, Plaintiffs appear to alter their request in their subsequent argument to the Court, stating that they want to know how Defendant obtained copies of Plaintiffs' tax returns and credit reports prior to discovery.  This RFP does not ask for documents that demonstrate how Defendant obtained the documents listed in its initial disclosures.

While the Court finds Defendant's objection on overly burdensome grounds to be valid, it is disturbed by Defendant's failure to provide proper justification for its objections in its RFP response.  If Defendant had simply justified its objections in its RFP response, it is likely that this dispute could have been avoided.

Defendant also objects to this request to the extent that it seeks information subject to a protective order and attorney-client privilege and/or, work product doctrine information.  As explained in detail above, these objections are not valid.

### F. RFP NO. 65

**Request No. 65:** Please produce all credit reports YOU have obtained from Credit Reporting Companies regarding plaintiffs.

**Response to Request No. 65:** "Defendant objects to this Request on the grounds that it is overbroad and burdensome. Defendant objects to this Request on the grounds that the phrase "credit report" and "credit reporting companies" are vague and ambiguous. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to the subject matter of the action, nor proportionally tailored to the reasonable needs of the case. Defendant also objects to this Request to the extent that it seeks proprietary information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client

privilege or the attorney work-product doctrine. Defendant objects to this Request to the extent that it is duplicative of other Requests previously responded to by Defendant in this action. Subject to and without waiving the foregoing, Defendant responds as flows: Defendant did not obtain any credit reports regarding Plaintiffs, as it understand the phrase "credit reports."

**Plaintiffs' Argument**

Defendant in its Initial Disclosure stated that it has credit reports in its possession, custody, and control. Additionally, Defendant has produced contracts with Experian and TransUnion which allow Defendant to access these credit bureaus' data bases and search credit information about debtors. Defendant obtained Plaintiffs' social security number, telephones numbers, address, and work information. Defendant used the social security number to refer the matter to California Franchise Tax Board and as a result, Plaintiffs' federal income tax refund was seized.

**Defendant's Argument**

As Plaintiffs' explanation above makes clear, Defendant's objection that this Request is vague and ambiguous, as to the phrase "credit report," is well-taken. Plaintiffs now appear to seek information reflecting that Defendant "obtained Plaintiffs' social security number, telephone numbers, address [sic], and [undefined] work information" from the credit reporting agencies. But this is not a "credit report" within the meaning prescribed by the Fair Credit Reporting Act. See 15 U.S.C. § 1681a(d) ("The term 'consumer report' means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for" credit or other enumerated purposes). The fact that Defendant contracts with credit reporting agencies to obtain "information about debtors" does not prove Defendant obtained either Plaintiff's credit report, nor is there any evidence that Defendant pulled the credit report of either of the Plaintiffs, as defined under the Act. As noted above,

14CV1844

the credit reports in Defendant's possession when it served its Initial Disclosures were provided to Defendant by Plaintiffs. Defendant clearly stated in its response that it did not obtain any credit reports concerning Plaintiffs from the credit reporting agencies. There is no basis to compel production.

**Court's Ruling on RFP No. 65**

Defendant's objection is **OVERRULED**.  Defendant shall produce all credit reports that it has received from the credit reporting companies, as explicitly requested in RFP No. 65.  If Defendant did not obtain any of Plaintiffs' credit reports from the credit reporting agencies, it shall clearly state that in its RFP response.

Defendant's objection that the use of the phrases "credit report" and "credit reporting agencies" are vague and ambiguous is not well-taken by the Court. Defendant used the exact phrase, "credit reports," in itemizing its initial disclosures. Certainly Defendant did not believe that its own use of the phrase "credit report" was vague or ambiguous because it would not have used it if it had.  In its argument for RFP No. 63 in the Joint Motion, Defendant states, "Regarding Defendant's reference to Plaintiffs' credit reports, however, certain such documents were in its possession when it served its Initial Disclosures, because Plaintiffs mailed copies of their credit reports to Defendant on or about November 19, 2012, almost a year before they filed their complaint, on November 5, 2013."  (Doc. No. 67 at 9.)  The Court is at a loss to understand how Defendant could use the disputed phrases in its own initial disclosures and Joint Motion argument, yet make a good faith objection that the same phrases are vague and ambiguous when used by Plaintiffs.  Defendant is simply playing games by asserting this objection, and its response violates the spirit of Rule 26.

### G. RFP NO. 66

**Request No. 66:** "Please produce all skip-trace done in this matter."

**Response to Request No. 66:** "Defendant objects to this Request on the grounds that the phrase "skip-trace" is vague and ambiguous. Defendant objects to this Request on the grounds that it is overbroad. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to the subject matter of the action, nor proportionally tailored to the reasonable needs of the case. Defendant also objects to this

14CV1844

Request to the extent that it seeks proprietary information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant objects to this Request to the extent that it is duplicative of other Requests previously responded to by Defendant in this action. Subject to and without waiving the foregoing, Defendant will produce non-privileged business records in its possession, custody or control, responsive to this Request, that are relevant to the claims and defenses in this lawsuit and that have not previously been produced."

## Plaintiffs' Argument

For the reason stated above, if Defendant has done any investigation to find the information about the drivers, owner of the cars, or Plaintiffs, then those documents should be produced. Plaintiffs are asking for all the investigations done and the results of those investigations.

## Defendant's Argument

Once again, as Plaintiffs' explanation above makes clear, Defendant's objection that this Request is vague and ambiguous is well-taken. Plaintiffs nebulously asked Defendant to produce "all skip-trace." Now, however, they seek "the investigations done and the results of those investigations." Regardless, Defendant has produced responsive documents. See AO 85-99. There is no basis to compel production.

## Court's Ruling on RFP No. 66

Defendant's objection is **OVERRULED**. Once again, Defendant has provided a litany of boilerplate objections, noting that this request is vague, ambiguous, overbroad, duplicative, and seeks irrelevant information. As already discussed in this Order, the phrase "skip trace" is not vague and ambiguous. "Skip trace" is a common phrase in the debt collection services industry, and Plaintiffs are asking for all skip-trace done in this matter only.

Defendant also objects to this request to the extent that it seeks proprietary information, trade secrets, or information subject to protective orders, or protected by the attorney-client privilege and/or, work product doctrine, but has failed to indicate whether a privilege log has been produced.

Finally, Defendant has included a conditional response in its objection, which leaves Plaintiffs and the Court guessing as to whether all responsive documents will be produced.   Conditional responses and/or the purported reservation of rights by a responding party are improper.

**H. RFP NO. 67**

**Request No. 67:** Please produce all skip-trace done regarding traffic tickets 78781HT, 84807KQ, and 18717JH."

**Response to Request No. 67:** "Defendant objects to this Request on the grounds that the phrase "skip-trace" is vague and ambiguous. Defendant objects to this Request on the grounds that it is overbroad. Defendant further objects to this Request on the grounds that it seeks information that is neither relevant to the subject matter of the action, nor proportionally tailored to the reasonable needs of the case. Defendant also objects to this Request to the extent that it seeks proprietary information, trade secrets, or information subject to protective orders, confidentiality agreements, or statutory provisions that bar the disclosure of that information without the consent of third parties, or information protected by the attorney-client privilege or the attorney work-product doctrine. Defendant objects to this Request to the extent that it is duplicative of other Requests previously responded to by Defendant in this action. Subject to and without waiving the foregoing, Defendant will produce non-privileged business records in its possession, custody or control, responsive to this Request, that are relevant to the claims and defenses in this lawsuit and that have not previously been produced."

**Plaintiffs' Argument**

Please see the reason to Request No. 66.

**Defendant's Argument**

Once again, as Plaintiffs' explanation above makes clear, Defendant's objection that this Request is vague and ambiguous is well-taken. Plaintiffs nebulously asked Defendant to produce "all skip-trace." Now, however, they seek "the investigations done and the results of those investigations." Regardless, Defendant has produced responsive documents. See AO 85-99. There is no basis to compel production.

**Court's Ruling on RFP No. 67**

Defendant's objection is **OVERRULED**. Defendant has provided nothing but boilerplate objections, noting that this request is vague, ambiguous, overbroad, duplicative, and seeks irrelevant information.  The phrase "skip trace" is not vague and ambiguous, but rather, is a common phrase in the debt collection services industry.

Defendant argues that "Plaintiffs nebulously asked Defendant to produce 'all skip-trace.'" Plaintiffs clearly asked for all skip-trace done regarding the three traffic tickets at issue in this litigation.

Defendant's objections related to the protective order, privileges, and its conditional responses, are unsupported and improper.

**III. CONCLUSION**

Defendant shall produce any remaining responsive documents and any privilege log on or before close of business on **April 4, 2015**.

IT IS SO ORDERED.

DATED:  March 28, 2016

Hon. William V. Gallo
U.S. Magistrate Judge

14CV1844